Johnny **WELLS, Donald J. Brookins, and Riley Andrew Shaeffer, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**GANNETT RETIREMENT PLAN, and Gannett Co., Inc., Defendants.**

No. CIVA03–M–2671 OES.

United States District Court, D. Colorado.

March 22, 2005.

Douglas R. Sprong, Korein Tillery, LLC, St. Louis, MO, John Hathaway Evans, Jr., John F. Walsh, III, Robert F. Hill, Hill & Robbins, P.C., Denver, CO, for Plaintiffs.

Kerri Atencio, Holland & Hart, LLP–Colorado Springs CO, Colorado Springs, CO, Margaret A. Clemens, Nixon Peabody, LLP, Rochester, NY, Michael S. Beaver, Parker Whitfield Dragovich, Holland & Hart, LLP–Greenwood Village Colorado, Greenwood Village CO, for Defendants

## ORDERS ON DEFENDANTS' MOTION TO DISMISS

MATSCH, Senior District Judge.

This case is brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. ("ERISA"). The plaintiffs are employees of defendant Gannett Co., Inc. ("Gannett") and participants in Gannett's defined benefit plan called the Gannett Retirement Plan ("Plan"). In their first and second claims for relief, the plaintiffs claim that the defendants violated ERISA's accrual rules under 29 U.S.C. § 1054(b)(1)(H) because, under the Plan as amended effective January 1, 1998, the benefit accruals ceased, and the rates and/or amounts of benefit accruals are reduced, on account of a participant's age. In their third claim for relief, the plaintiffs allege that the Plan fails to comply with the consent and disclosure rules under 29 U.S.C. § 1055(c) and Treas. Reg. § 1.411(a)–11. The defendants have moved to dismiss all claims under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

The ERISA provision relied on by the plaintiffs in their first and second claims provides:

> Notwithstanding the preceding subparagraphs, a defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age.

29 U.S.C. § 1054(b)(1)(H). At issue is the term "any age." While the courts in *Eaton v. Onan Corp.*, 117 F.Supp.2d 812 (S.D.Ind.2000) and *Tootle v. ARINC, Inc.*, 222 F.R.D. 88 (D.Md.2004) found this term did not apply to those employees who have not reached normal retirement age, this court respectfully disagrees. The term is unambiguous, and there is no need to resort to legislative history or other sources for its interpretation. This provision applies to the attainment of "any age" and not just to the attainment of normal retirement age.

Although the plaintiffs allege they are Plan participants and have received

benefit statements, these allegations are insufficient to support their third claim under 29 U.S.C. § 2055(c) and Treas. Reg. § 1.411(a)–11. Accordingly, it is

ORDERED that the defendants' motion to dismiss the plaintiffs' first and second claims for relief is denied. The defendants' motion to dismiss under Rule 12(b)(6) is granted as to the plaintiffs' third claim for relief and that claim is dismissed without prejudice.